JUAN A. MONAGAS, Plaintiff and Appellant, *v.* CENTRAL EUREKA, INC., Defendant and Appellee.

No. 6158.   Argued April 20, 1933.—Decided July 26, 1934.

*J. Sabater* for appellant.   *O. Souffront* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The judgment which ended the dispute between the parties in this case compelled the plaintiff to pay the costs and attorney's fees of the adverse party. The latter presented its memorandum of costs which contained an item of $3,000 for attorney's fees besides other small items for other concepts. The item of $3,000 for attorney's fees was objected to as excessive by plaintiff. The district court reduced it to $2,500 and with this change approved the memorandum of costs. The plaintiff took the present appeal maintaining also that said sum of $2,500 is excessive. This appeal involves said question.

The complaint claimed $15,011.98 as compensation for damages for a breach by defendant of a contract for advances and sale of canes, plus legal interests from 1923, and also the correction of an account between the parties which included,

according to plaintiff, $1,073.94 in excess of what was really owed. Said complaint contained two causes of action and is extensive as it covers 22 pages written on one side.

A demurrer was adduced against said complaint on various grounds and when it was overruled defendant filed his answer, alleging special defenses and making a cross complaint claiming from plaintiff the sum of $2,929.06. This claim covers 34 pages and shows careful study and preparation. The trial lasted 3 days and the testimony of witnesses was offered and also documentary evidence.

The second cause of action was academic and a demurrer against the same was proper as we said when deciding the appeal against the judgment. *Monagas* v. *Central Eureka, Inc.* 41 P.R.R. 797. As to the first cause of action the question to be decided was whether or not a contract executed between the parties was for the sale of cane or for agricultural advances, but the question was presented in such a manner and in so many aspects that a very careful study by this Court was necessary in order to decide the appeal taken as may be seen from the opinion written in the appeal to which we have referred. It was really a very important suit due to the questions involved rather than by the amount.

To fix the amount of attorney's fees the lower court had before it the testimony of the attorney for defendant relating to the services rendered and to the studies he made of th matters involved, and also the record of this case, which we have before us in the transcript used in the appeal from the judgment.

There is no doubt that appellant is bound by the judgment to pay to appellee the fees of its attorney. This fact is not denied by appellant and the only controverted question is whether the sum fixed by the district court for such purpose is excessive, and, if it is, how much appellant should pay.

As we said in the case of *Heirs of Franceschi* v. *Mercado e Hijos,* 41 P.R.R. 395, it is very difficult to determine the

value of attorney's fees in a suit in a fixed and precise sum, for which reason they must be reasonably assessed having in mind the circumstances of each particular case.

In view of the attending circumstances in the instant case, which we have already mentioned, and considering that before deciding, the lower court considered the testimony of attorney for appellee, the work he perfomed, the evidence offered at the trial, the importance of the suit and the temerity of plaintiff, we do not find any error or abuse of its discretion, and we conclude that $2,500 is the reasonable sum which plaintiff must pay to defendant for the services of his attorney.

The judgment appealed from must be affirmed.